NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAY L. HOWELL, | No.   22-35435 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05589-MLP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Argued and Submitted March 30, 2023
Seattle, Washington

Before:  NGUYEN and HURWITZ, Circuit Judges, and PREGERSON,** District Judge.

Jay Howell appeals a district court judgment affirming the denial of his application for Social Security disability benefits.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

1.    An ALJ should normally give "great weight" to a Department of Veteran Affairs ("VA") disability rating, but may give it less weight upon providing "persuasive, specific, [and] valid reasons for doing so." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Although some of the ALJ's reasons for rejecting the VA rating were not persuasive, he provided at least one valid reason: Howell's continued employment after the effective date of the VA rating. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009). Any error, moreover, was harmless because the ALJ incorporated the VA's findings about Howell's back and shoulder limitations into the residual functioning capacity ("RFC") determination and the hypothetical to the vocational expert ("VE"). *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

2.    The ALJ's rejection of Nurse Practitioner Maria Wilder's opinion was supported by "germane" reasons. *Id.* at 1111. The medical evidence supports the ALJ's conclusion that Howell's knee and hip pain and carpal tunnel syndrome were managed by conservative treatment. Records indicating that Howell consistently presented without a walking-assistive device, and denied gastrointestinal symptoms, contradicted Wilder's opinion.

3.    The ALJ did not err by giving only partial weight to Dr. Derek Leinenbach's opinion. Dr. Leinenbach noted that Howell offered "suboptimal effort during strength testing" and that the results of his examination were therefore not "a

reliable representation" of Howell's motor strength capabilities. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

4. Howell was not prejudiced by the ALJ's evaluation of the opinions of Drs. Louis Martin and Alnoor Virji. The ALJ found more limitations than did both physicians based on "updated medical evidence."

5. The ALJ gave sufficient reasons for weighing Dr. Jack Lebeau's opinions favorably, noting that they were consistent with the medical evidence. Moreover, the ALJ considered Dr. Lebeau's testimony about Howell's back pain, which stated that Howell's pain was "a very, very common problem" and that "almost all" of those who experience it "are able to work" with treatment.[1]

6. Although the ALJ did not directly discuss other treating physicians' observations of back and shoulder limitations, he clearly considered this evidence. The ALJ cited the records of treatment in the summary of evidence and incorporated back and shoulder impairments into Howell's RFC.

7. The ALJ's rejection of Howell's testimony was supported by "specific, clear and convincing reasons." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Howell stopped working because he was laid off and sought work thereafter, which undermines his claim that he was unable to work. *See Bruton v. Massanari*,

---

[1] Because Howell did not challenge Lebeau's credentials before the ALJ, his argument on that issue is waived. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

3

268 F.3d 824, 828 (9th Cir. 2001).  Substantial evidence also supported the rejection of Howell's testimony about his knee, hip, and carpal tunnel symptoms.  Howell had a normal ambulation during many of his treatment visits, inconsistently reported about the need for assistance with daily activities, never reported to providers that he spent four to five hours a day in a recliner, and elected conservative treatment over surgery to treat his carpal tunnel syndrome.  And as to Howell's back and shoulder impairments, any error was harmless because the ALJ incorporated the relevant impairments into the RFC and hypothetical.

8.	Because the RFC was properly presented to the VE in the ALJ's hypothetical, Howell's challenge to the VE's testimony fails.

**AFFIRMED**.